869 F.2d 1492
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Doyle W. RIFFLE, Plaintiff-Appellant,
v.
UNITED STATES of America, VETERANS ADMINISTRATION, Defendant-Appellee.
 No. 88-3448.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Doyle W. Riffle appeals the summary judgment for the United States in this medical malpractice action filed under the Federal Tort Claims Act. Plaintiff alleged that he developed epilepsy as a result of negligent treatment he received at the Wade Park Veterans Administration Hospital in Cleveland, Ohio, in January 1980. The district court concluded that plaintiff's claim is barred by the applicable statute of limitations.
 
 
 3
 Upon consideration, we conclude that summary judgment was properly granted. A Federal Tort Claims Act claim must be presented to the appropriate agency within two years after accrual. 28 U.S.C. Sec. 2401(b). A cause of action accrues when plaintiff knew or should have known of the injury and its cause. United States v. Kubrick, 444 U.S. 111, 122-25 (1979). Defendant established that plaintiff knew of his injury and its alleged cause as early as 1980. Because plaintiff did not present his claim to the Veterans Administration until 1986, the claim is barred. Plaintiff's contention that his cause of action did not accrue until the severity of his injury was fully realized is unavailing. See Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987).
 
 
 4
 Moreover, the district court correctly concluded that the continuous treatment doctrine did not operate to toll the statute of limitations. The continuous treatment doctrine will not operate where a plaintiff receives only intermittent treatment for his injury from the alleged tortfeasor. See Wehrman v. United States, 830 F.2d 1480, 1485 (8th Cir.1987) (citing Page v. United States, 729 F.2d 818, 823 n. 36 (D.C.Cir.1984)). Here, defendant established the plaintiff received, at most, sporadic treatment for his epilepsy from doctors associated with the Veterans Administration Hospital. Accordingly, summary judgment for defendant was properly granted.
 
 
 5
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.